UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO SANCHEZ,

                        Plaintiff,

-against-

CORRECTIONAL OFFICER LOWE OF SING SING CORRECTIONAL FACILITY; CORRECTIONAL OFFICER FRANCO OF SING SING CORRECTIONAL FACILITY; SERGEANT BARMAN JOSEPH, OF SING SING CORRECTIONAL FACILITY,

                        Defendants.

25-CV-1677 (JGLC)

**ORDER OF SERVICE**

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiff Pedro Sanchez, who is currently incarcerated in the Sing Sing Correctional Facility, brings this action *pro se*, asserting claims of federal constitutional violations under 42 U.S.C. § 1983 and seeking damages. He sues: (1) Sing Sing Correctional Officer Lowe; (2) Sing Sing Correctional Officer Franco; and (3) Sing Sing Correctional Sergeant "Barman Jospeh," who the Court understands to be "Joseph Berman."

    By order dated March 4, 2025, Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, was granted.[1] This Court now directs service on Lowe, Franco, and Berman, and directs them to comply with Local Civil Rule 33.2.

## DISCUSSION

**A.    Service on Lowe, Franco, and Berman**

    Because Plaintiff has been granted permission to proceed IFP (*see* ECF No. 5), he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS")

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effectuate service on Lowe, Franco, and Berman through the USMS, the Clerk of Court is respectfully instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further, and respectfully, instructed to issue summonses for Lowe, Franco, and Berman, and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint upon each of these defendants.

If summonses and the complaint are not served upon Lowe, Franco, and Berman within 90 days after the date that summonses for these defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

B.   **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner actions to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses issue. The Court therefore extends the time to serve Lowe, Franco, and Berman until 90 days after the date that any summonses for them issue.

Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of service of summonses and the complaint, Lowe, Franco, and Berman must serve responses to those standard discovery requests. In their responses, Lowe, Franco, and Berman must quote each request verbatim.[3]

## CONCLUSION

Accordingly, the Court directs the Clerk of Court to mail an information package to Plaintiff. The Court also directs the Clerk of Court to: (1) issue summonses for Defendants Lowe, Franco, and Berman; (2) complete USM-285 forms with the service addresses for these defendants; and (3) deliver all documents necessary to effect service of summonses and the complaint on Lowe, Franco, and Berman to the USMS. Finally, the Court additionally directs Lowe, Franco, and Berman to comply with Local Civil Rule 33.2 within 120 days of the date of service of summonses and the complaint.

SO ORDERED.

Dated: April 3, 2025
New York, New York

JESSICA G. L. CLARKE
United States District Judge

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

**SERVICE ADDRESSES FOR DEFENDANTS**

1.     Correctional Officer Lowe
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

2.     Correctional Officer Franco
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

3.     Correctional Sergeant Joseph Berman
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442