UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PEDRO SANCHEZ,

               Plaintiff,

      -against-                              **ORDER**

CORRECTIONAL OFFICER LOWE,             25 Civ. 1677 (JGLC)(JCM)
CORRECTIONAL OFFICER FRANCO,
AND SERGEANT BARMAN JOSEPH,

               Defendants.

-----------------------------------------------------------X

      Presently before the Court is *pro se* plaintiff Pedro Sanchez's ("Plaintiff") application for

the appointment of *pro bono* counsel. (Docket No. 32).  For the reasons set forth below, the

Court denies Plaintiff's request with leave to renew should circumstances change.

      Although there is no constitutional right to counsel in civil cases, the Court has the

authority to appoint an attorney for any person unable to afford counsel. *See* 28 U.S.C. §

1915(e)(1).  However, "[b]road discretion lies with the district judge in deciding whether to

appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.

1986) (citation omitted).  The Court undertakes a two-step inquiry in analyzing whether

appointment of counsel is appropriate. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d

196, 203 (2d Cir. 2003).  First, the Court "determine[s] whether the indigent's position seems

likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61).  Second, the Court considers

other factors such as Plaintiff's "ability to investigate the crucial facts, whether conflicting

evidence implicating the need for cross-examination will be the major proof presented [to the

fact finder], the indigent's ability to present the case, the complexity of the legal issues and any

special reason ... why appointment of counsel would be more likely to lead to a just

1

determination." *Ferrelli*, 323 F.3d at 203-04 (quoting *Hodge*, 802 F.2d at 61-62).  As the Court "does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Ramey v. Dep't of Corr. (NYDOCS)*, No. 13 Civ. 17 (CM), 2013 WL 1867342, at *1 (S.D.N.Y. May 2, 2013).[1]

This is Plaintiff's first application for the appointment of *pro bono* counsel in this matter. Upon review of the record, the Court notes that Plaintiff was granted leave to proceed *in forma pauperis* on March 4, 2025. (Docket No. 5).  Thus, Plaintiff has demonstrated that he is indigent and cannot afford counsel. *See Martinson v. U.S. Parole Comm'n*, No. 02Civ.4913 (DLC)(DF), 2004 WL 203005, at *3 (S.D.N.Y. Feb. 2, 2004).  The Court further assumes for the purposes of this application that Plaintiff's claims may have merit.

The Court has reviewed the entire record, including Plaintiff's current application for appointment of counsel, and considered the type and complexity of this case, as well as Plaintiff's ability to represent himself.  In his motion, Plaintiff argues that he requires the assistance of counsel because he "is a lay person in matters of law and does [not] know the law nor its legal interpretations." (Docket No. 32 at 1).  Based on this review, the Court determines there are no complex issues involved.  In addition, Plaintiff has independently filed the Complaint, (Docket No. 1), and a request to proceed *in forma pauperis*, (Docket No. 2), as well as appeared *pro se* on the initial pretrial conference held on December 3, 2025 and a status conference held on February 6, 2026.  Moreover, the proceedings are still in their early stages, as

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

discovery is not scheduled to be completed until August 17, 2026, and the parties have not yet made summary judgment motions. Thus, Plaintiff has so far shown an ability to represent himself, and the Court is unable to conclude that he cannot handle the case without assistance, although this conclusion may change as the action progresses.

Accordingly, Plaintiff's application for appointment of counsel is denied with leave to renew should circumstances change. *See Ramey*, 2013 WL 1867342, at *1-*2.

The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 32), and mail a copy of this Order to the *pro se* Plaintiff.

Dated: February 6, 2026
        White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge