UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X

PEDRO SANCHEZ,

Plaintiff,

-against-

CORRECTIONAL OFFICER LOWE,
CORRECTIONAL OFFICER FRANCO,
AND SERGEANT BARMAN JOSEPH,

Defendants.

---------------------------------------------------X

**ORDER**

25 Civ. 1677 (JGLC)(JCM)

Presently before the Court is *pro se* plaintiff Pedro Sanchez's ("Plaintiff") application for the appointment of *pro bono* counsel. (Docket No. 44). This is Plaintiff's second application for the appointment of *pro bono* counsel in this matter. The undersigned denied Plaintiff's prior motion without prejudice on February 6, 2026. (Docket No. 34). For the reasons set forth below, the Court denies Plaintiff's current request with leave to renew should circumstances change.

Unlike criminal defendants, civil plaintiffs do not have a constitutional right to the assistance of counsel. *See Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011). However, by statute, courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, the court has "[b]road discretion . . . in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In exercising this discretion, the court must undertake two initial inquiries: (1) whether Plaintiff can afford counsel; and, if not, (2) whether the merits of the case and Plaintiff's position "seem[] likely to be of substance." *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quoting *Hodge*, 802 F.2d at 61-62).

Only after making these initial findings may the court consider secondary factors, such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Johnston v. Maha*, 606 F.3d 39, 42 (2d Cir. 2010) (quoting *Hodge*, 802 F.2d at 61-62). Since the court "does not have a panel of attorneys who can be compelled to take on civil cases *pro bono*, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Garcia-Garcia v. City of New York*, No. 12 Civ. 1302 (CM), 2013 WL 150206, at *1 (S.D.N.Y. Jan. 11, 2013).[1]

The Court previously denied without prejudice Plaintiff's first request for the appointment of counsel. (Docket No. 34). Nothing has changed since that ruling. Discovery remains ongoing and is set to close on August 17, 2026. (Docket No. 30). In addition, Plaintiff continues to show he is able to represent himself. Moreover, the parties indicated that they would update the Court on settlement discussions during the next status conference, which is currently scheduled for September 9, 2026. (Docket No. 43).

Accordingly, for the same reasons set forth in this Court's prior Order, Plaintiff's application for appointment of counsel is denied with leave to renew should circumstances change. *See Ross v. Brown*, No. 09 Civ. 5737 (PKC)(DF), 2010 WL 3154561, at *3 (S.D.N.Y. Aug. 3, 2010).

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 44), and mail a copy of this Order to the *pro se* Plaintiff.

Dated: August 11, 2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy

JUDITH C. McCARTHY
United States Magistrate Judge